United States District Court
Southern District of Texas
**ENTERED**
January 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| NEIL JAY MUKHERJEE, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-00061 |
| § | |
| RODOLFO A GARCIA JR, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT DEFENDANT WEST'S MOTION TO DISMISS
AND TO DISMISS CERTAIN OTHER CLAIMS FOR RELIEF**

Plaintiff Neil Jay Mukherjee, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Richard D. West's Motion to Dismiss. (D.E. 26). For the reasons set forth below, the undersigned respectfully recommends that the Court **GRANT** this motion and dismiss certain other claims for relief pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.   JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.   BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Bill Clements Unit in Amarillo, Texas. Plaintiff's allegations in this case arise in connection with his previous housing assignment at the McConnell Unit in Beeville, Texas.

On March 21, 2021, Plaintiff filed this prisoner civil rights action against the following McConnell Unit officials: (1) Sergeant Rodolfo Garcia; and (2) Officer Richard D. West. (D.E. 1, pp. 2-3). Plaintiff claims that Sgt. Garcia used excessive force when he repeatedly hit Plaintiff in the middle of his chest with a walkie talkie while Plaintiff was in handcuffs and on the floor. (D.E. 1, p. 3). Plaintiff claims that, when Plaintiff sought to bring a Step 1 grievance fourteen days later, Sgt. Garcia retaliated against Plaintiff by threatening to have someone poison his food. (D.E. 1, p. 3). Plaintiff claims that Officer West violated his constitutional rights by failing to escort Plaintiff to a building in order to take pictures of Plaintiff's chest. (D.E. 1, p. 3).

Plaintiff did not indicate in his complaint whether he sues Defendants in their individual capacity, official capacity, or both. Plaintiff seeks monetary relief as well as injunctive relief in the form of a transfer to another TDCJ unit. (D.E. 1, p. 4).

On September 14, 2021, the undersigned ordered service of Plaintiff's complaint on Defendants. (D.E. 21). Sgt. Garcia filed his answer on October 29, 2021. (D.E. 25). That same day, Officer West filed a Motion to Dismiss pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6). (D.E. 26). Plaintiff has not filed a response. The motion, therefore, is deemed unopposed.[1]

---

[1] According to the Local Rules for the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." LR 7.4.

## III. LEGAL STANDARD

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Under Rule 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1887 (2d Cir. 1996)). Lack of subject matter jurisdiction may be found in three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Once the subject matter jurisdiction has been challenged, the party asserting jurisdiction retains the burden of proof that jurisdiction truly does exist. *Id*.

Rule12(b)(6), in turn, provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "[A] plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554-55. When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## IV.  DISCUSSION

### A.  Eleventh Amendment Immunity Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver*, 276 F.3d at 742 (recognizing that the Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

Officer West contends that, to the extent Plaintiff sues him in his official capacity for money damages, those claims are barred by the Eleventh Amendment. (D.E. 26, pp. 2-3). The undersigned agrees. Accordingly, it is respectfully recommended that Officer West's Motion to Dismiss (D.E. 26) be granted on this issue and that Plaintiff's claims for money damages against him in his official capacity be dismissed.

Sgt. Garcia has not joined Officer West in this Motion to Dismiss. Nevertheless, the Eleventh Amendment likewise bars Plaintiff's claims against Sgt. Garcia to the extent this defendant also is sued in his official capacity for money damages. Accordingly, the undersigned respectfully recommends that Plaintiff's claims against Sgt. Garcia in his official capacity for monetary relief be dismissed pursuant to § 1915(e)(2)(B).[2]

### B. Injunctive Relief

Plaintiff seeks injunctive relief in the form of being transferred to another unit. (D.E. 1, p. 4). Court records reflect, however, that Plaintiff has been transferred from the McConnell Unit to the Bill Clements Unit. (D.E. 7). Due to his unit transfer, Plaintiff's request for injunctive relief has been rendered moot. Accordingly, pursuant to § 1915(e)(2)(B), the undersigned respectfully recommends that Plaintiff's claims seeking injunctive relief against Defendants be dismissed as moot.

### C. Claims against Officer West

---

[2] Section 1915(e)(2)(B) mandates dismissal "at any time" if the court determines that the action "fails to state a claim upon which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B).

Officer West contends in his Motion to Dismiss that Plaintiff's claims against him fail because he offers no allegation Officer West was personally involved in any constitutional violation of Plaintiff's rights. (D.E. 26, p. 3). The undersigned agrees.

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff provides no allegations to suggest that Officer West was personally involved with the incidents involving Sgt. Garcia's alleged use of force or subsequent threat to poison Plaintiff's food. Furthermore, Plaintiff fails to state a cognizable constitutional claim regarding his allegation that Officer West failed to secure evidence on the use of force by not escorting Plaintiff to a building and taking pictures of his chest.

Even assuming that TDCJ has a policy regarding the creation and maintenance of evidence, Plaintiff's allegations that Officer West violated such a policy by failing to gather evidence on Sgt. Garcia's use of force fails to state a due process claim. *See Velazquez v. Dial*, No. 5:18-CV-069, 2018 WL 5635122, at *4 (N.D. Tex. Sep. 10, 2018) (holding that prison officials' violation of any policy to take or provide inmate with pictures of his injuries does not state a constitutional claim). A violation of a prison policy or regulation alone does not violate an inmate's due process rights. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (holding that "a prison official's failure to follow prison's own policies, procedures, or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met"); *Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir. 1995) (recognizing that "[m]ere failure to accord the procedural protections called for my state law or regulation does not amount to a denial of due process").

Accordingly, the undersigned respectfully recommends that Officer West's Motion to Dismiss (D.E. 26) be granted and that Plaintiff's claims against him be dismissed with prejudice for failure to state a claim for relief.

### D. Qualified Immunity

Officer West further claims further contends that he is entitled to qualified immunity with regard to Plaintiff's claims raised against him in his individual capacity. (D.E. 26, pp. 5-6). The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

When a defendant invokes the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). "To discharge this burden, the plaintiff must satisfy a two-prong test. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). First, he must claim that the defendant committed a constitutional violation under current law. *Id.* Second, he must claim that the defendant's action was objectively reasonable in light of the law that was clearly established at the time of the complained-of actions. *Id.*

It is often but not always appropriate to conduct the qualified immunity analysis by first determining whether a constitutional violation has occurred. *See Pearson*, 555 U.S. at 236. In this case, because Plaintiff has failed to establish a constitutional claim against Officer West in his individual capacity, it is not necessary to examine whether his actions were objectively

reasonable. Accordingly, the undersigned respectfully recommends that Officer West be entitled to qualified immunity with respect to Plaintiff's claims asserted him in his individual capacity.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Officer West's Motion to Dismiss (D.E. 26). The undersigned, therefore, respectfully recommends that: (1) Plaintiff's claims for money damages against Officer West in his official capacity be **DISMISSED** as barred by the Eleventh Amendment; and (2) Plaintiff's claims against Officer West be **DISMISSED** with prejudice for failure to state a claim for relief and because he is entitled to qualified immunity as a matter of law.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned respectfully recommends further that: (1) Plaintiff's claims for money damages against Sgt. Garcia in his official capacity be **DISMISSED** as barred by the Eleventh Amendment; and (2) Plaintiff's claims seeking injunctive relief against Defendants be **DISMISSED** with prejudice as moot.

ORDERED on January 18, 2022.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).